UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-259 (JRT/LIB)

United States of America,

        Plaintiff,

  v.                                                         **ORDER OF DETENTION**

Edward Duane Fairbanks,

        Defendant.

      This matter came before the Court for a detention hearing on December 7, 2020, upon the Government's motion for detention. Pursuant to consent obtained from Defendant, Edward Duane Fairbanks, the hearing was held via a video conference platform. Defendant made his virtual appearance by videoconference, and Defendant was represented by Paul C. Engh, who also appeared through videoconference. The Government was represented by Assistant U.S. Attorney Deidre Y. Aanstad, who also appeared by videoconference.

      Defendant is charged with one count of assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6), 1151, 1153(a), and 3559(f)(3). At the time of the detention hearing, there were three active state court warrants for Defendant's arrest.

      Because the United States had moved for detention pending trial, Defendant is entitled to a detention hearing. However, Defendant did not oppose the Government's motion for detention. Instead, after being advised of his constitutional rights and consulting with counsel at the December 7, 2020, detention hearing, Defendant waived his right to a detention hearing. At the detention hearing, the Court found that Defendant had freely, knowingly, and voluntarily waived his right to a detention hearing.

      Given Defendant's waiver of his detention hearing and the existence of the active state court warrant authorizing Defendant's arrest, the Court finds that there are no conditions which

this Court could impose which would reasonably ensure Defendant's appearance at future Court proceedings. After consideration of the record before the Court, including the factors listed in 18 U.S.C. § 3142(g) and Defendant's wavier of his right to a detention hearing, the Court concludes by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant as required at future Court proceedings. Accordingly, the Court grants the United States' motion for detention. However, as the Court noted at the detention hearing, should Defendant's circumstances change, he may move to reopen the subject of his detention. See, 18 U.S.C. § 3145.

For the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

**1.** The motion of the United States for detention of Defendant is **GRANTED**;

**2.** Defendant is committed to the custody of the United States Marshals Service for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

**3.** Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

**4.** Upon Order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which the Defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all Court proceedings.

Dated: March 5, 2021

s/Leo I. Brisbois
Hon. Leo I. Brisbois
United States Magistrate Judge