UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-259 (JRT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

EDWARD DUANE FAIRBANKS,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Edward Duane Fairbanks (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6), 1151, 1153(a), and 3559(f)(3). The Defendant fully understands the nature and elements of the crime with which he has been charged.

2.   **Factual Basis.** The Defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

1

a. On or about June 8, 2020, Defendant Edward Duane Fairbanks, an enrolled member of the Red Lake Band of Chippewa Indians, assaulted a minor child and caused serious bodily injury. The assault occurred while the Defendant and the minor child were at an apartment complex within the exterior boundaries of the White Earth Indian Reservation.

b. During the day on June 8, 2020, the minor child and the minor child's younger sibling were in the care of the Defendant at an apartment complex within the exterior boundaries of the White Earth Indian Reservation. At the time, the Defendant was using methamphetamine. Throughout the day, the Defendant found the minor child to be irritating and his care responsibilities challenging. At some point in the early afternoon hours, the Defendant intentionally shoved the minor child into a table, causing the minor child to strike his/her head. The minor child quickly exhibited signs of injury. The Defendant contacted the minor child's mother, but did not contact emergency personnel.

c. As a result of the Defendant's actions, the minor child suffered a skull fracture on the right side of his/her head and a large subdural hematoma on the left side of his/her head. As a result of the head injury, the minor child was required to undergo a craniectomy to relieve pressure. Further, in addition to the life-threatening head trauma, the Defendant agrees that medical personnel observed patterned bruises on the minor child's feet, legs, arms, and back. The Defendant denies inflicting the pattern bruises on the minor child.

d. Based on the circumstances of this case, the Defendant agrees that he committed the offense and makes no claim that he is innocent of the charge of Assault Resulting in Serious Bodily Injury.

e. The Defendant admits that the minor child was under 18 years of age on or about June 8, 2020.

3. **Waiver of Pretrial Motions**. The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea

2

agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to file any additional pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights**. The Defendant understands that he has the right to go to trial. At trial, he would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The Defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge him guilty without a trial.

5. **Additional Consequences**. The Defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The Defendant understands that Count One of the Indictment, which charges Assault Resulting in Serious Bodily Injury, in violation

of 18 U.S.C. §§ 113(a)(6), 1151, 1153(a), and 3559(f)(3), is a felony offense that carries the following statutory penalties:

 a. **a mandatory minimum of 10 years in prison;**

 b. a maximum of life in prison;

 c. a maximum supervised release term of 5 years;

 d. a maximum fine of $250,000;

 e. mandatory restitution to the victim of the offense;

 f. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

 g. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

 h. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7. **Guidelines Calculations.**  The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

 a. <u>Applicable Guidelines</u>. The applicable version of the Sentencing Guidelines incorporates amendments through November 1, 2018. Guideline Section 2A2.2 applies to Count One.

 b. <u>Base Offense Level</u>. The parties agree that the base offense level is **14**. U.S.S.G. § 2A2.2(a).

c. <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by **7** levels because the victim sustained permanent or life-threatening injury. U.S.S.G. § 2A2.2(b)(3)(C). The parties agree that no other specific offense characteristics apply.

d. <u>Chapter 3 Adjustments</u>. The parties agree the offense level should be increased by **2** levels because the Defendant knew or should have known that the victim was a vulnerable victim. U.S.S.G. § 3A1.1(b)(1). The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

e. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that the Defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the Defendant has timely notified the Government of his intention to enter a plea of guilty, the Government agrees to recommend that the Defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

f. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the Defendant will fall into Criminal History Category **IV**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on his true criminal history category, and he

      will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

    g.    Guidelines Range. If the adjusted offense level is **20**, and the criminal history category is **IV**, the Sentencing Guidelines range is **51-63** months of imprisonment. However, the Defendant understands that, regardless of the Sentencing Guidelines range, the statutory mandatory minimum sentence in this matter is **120** months of imprisonment.

    h.    Fine Range. If the adjusted offense level is **20**, the Sentencing Guidelines fine range is **$15,000-$150,000**. U.S.S.G. § 5E1.2(c).

    i.    Supervised Release. The Sentencing Guidelines require a term of supervised release of at least **2** years and up to a maximum supervised release term of **5** years. U.S.S.G. § 5D1.2.

8.   **Revocation of Supervised Release**. The Defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke his supervised release, and the Defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The Defendant also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.   **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history

category. If the Court or the Probation Office determines that the applicable guideline calculations or the Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** The parties agree to recommend a sentence of 120 months' imprisonment, which is the statutory mandatory minimum sentence in this case. ████████████████████
████████████████████████████████████████████████████████
████████████████

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the Defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The Defendant agrees that the special assessment is payable at sentencing.

12. **Restitution Agreement.** The Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the Defendant to make restitution to the victim of his crime. The Defendant agrees that he owes restitution to the minor victim and agrees that the Court shall order him to pay restitution in an amount determined at or before the Sentencing Hearing.

13. **Waivers of Appeal and Collateral Attack.** The Defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence,

the sentence, restitution, and the constitutionality of the statutes to which he is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by Defendant of the substantive reasonableness of a term of imprisonment above 120 months' imprisonment. The Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal provided that the Court imposes the statutory mandatory minimum term of imprisonment.

14. **FOIA Requests.** The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement.** The Defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The Defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant.

ANDREW M. LUGER
United States Attorney

Date: 6/2/2022

BY: *Deidre Y. Aanstad*
DEIDRE Y. AANSTAD
Assistant United States Attorney

Date: 6-1-22

EDWARD DUANE FAIRBANKS
Defendant

Date: 6/2/2022

PAUL ENGH
Counsel for Defendant

9